[Doc. Nos. 124, 126, 128]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HECTOR L. HUERTAS,<br><br>       Plaintiff,<br><br>   v.<br><br>CITY OF CAMDEN, et al.,<br><br>       Defendants. | Civil No. 03-4025 (RMB) |

**OPINION AND ORDER**

      This matter is before the Court on plaintiff's "Objection Letters" [Doc. Nos. 124, 126 and 128] to defendants' responses to plaintiff's interrogatories and requests for documents. (The Court deems these objections to be in the nature of a request to compel discovery.) The defendants responded to plaintiff's objections on March 26, 2007. [Doc. No. 127]. For the reasons to be discussed, plaintiff's objections are OVERRULED and his request for additional information and documents from defendants is DENIED.

      By way of brief background, plaintiff's complaint was filed on September 2, 2003 [Doc. No. 1]. Plaintiff alleges defendants racially discriminated and retaliated against him arising out of an incident that occurred at a 7-Eleven convenience store. See generally Plaintiff's Amended Complaint [Doc. No. 112]. The defendants include the City of Camden and four (4) individual police officers, all of whom are represented by the same counsel.

Throughout the course of this case plaintiff has raised substantial objections to defendants' discovery responses which resulted in an Order to Show Cause hearing on January 23, 2007.  Shortly before the January 23 hearing defendants answered plaintiff's interrogatories and document requests.  Defense counsel represents that he responded to six (6) sets of interrogatories and document requests (two sets to the City of Camden and one set each to Officers Goodwater, Campbell, Burgos and Johnson.)  See Doc. No. 127, p. 1.  Counsel also avers approximately 2000 pages of materials were provided to plaintiff. Id.  Camden City Attorney, Lewis Wilson, Esquire, appeared at the January 23 hearing and represented to the Court that he would address any recurring discovery problems in the case and take steps to assure they did not occur in the future.  This Court's March 13, 2007 Scheduling Order [Doc. No. 125] directed plaintiff to send defendants a letter by March 12, 2007 identifying "all alleged discovery deficiencies." [Doc. No. 125, ¶1].  The parties were thereafter directed to "meet and confer to resolve in good faith their discovery disputes."  If any disputes remained, plaintiff was directed to send a letter to the Court by March 19, 2007 identifying the remaining discovery issues.  Defendants were directed to respond by March 26, 2007. Id.

The Court has received and reviewed plaintiff's Objections Letters filed on March 7, 2007 [Doc. No. 124], March 19, 2007 [Doc. No. 126], and March 26, 2007 [Doc. No. 128], and

2

defendants' March 26, 2007 [Doc. No. 127] response.  It is apparent to this Court that defendants have undertaken a serious effort to answer plaintiff's discovery and they have engaged in a good faith effort to resolve plaintiff's objections.  The Court will hereafter address all of plaintiff's objections.

Plaintiff's first objection is that defendants' responses to discovery are not signed.  Plaintiff argues, "[p]ursuant to Federal Rule of Civil Procedure 33, the answers to the interrogatories must be signed by the responding party under oath and any objections must be signed by their counsel."  See Doc. No. 124, p. 1.  Defendants' response avers that they produced signed Certifications from the four police officer defendants and that defense counsel, on behalf of the City of Camden, provided a Certification for Camden's answers.  See Doc. No. 127, pp. 1-2.  Based on this representation, the Court overrules plaintiff's objection and finds that defendants' answers to interrogatories were, in fact, signed and answered "under oath" as required pursuant to Fed. R. Civ. P. 33(b)(1).[1]

Plaintiff also argues that, "[n]one of the responses to my request for production of documents were signed by the

---

1. It is not clear from plaintiff's submissions if he contends that defense counsel did not sign the objections to his interrogatories.  To the extent this was not done, defense counsel is Ordered to sign the objections pursuant to Fed. R. Civ. P. 33(b)(2) which states, "the answers [to interrogatories] are to be signed by the person making them and the objections signed by the attorney making them."

individual defendants under oath ...." See Doc. No. 124, pp. 1-2. Plaintiff's objection is overruled since Fed. R. Civ. P. 34(b) does not require that a written response to a request for documents be provided under oath.  Rule 34(b) simply requires that a "written response" be served.

Plaintiff objects that the City's answers to interrogatories did not contain a verification by its counsel, "certifying that the responses were complete and correct after a complete and reasonable inquiry." See Doc. No. 124, p.1.  Although this should be implicit by the service of the answers, plaintiff's objection is overruled since there is no specific requirement in Fed. R. Civ. P. 33 that the certification plaintiff requests be provided.  Compare Fed. R. Civ. P. 26(g)(1) which provides that the signature of an attorney or party to a disclosure pursuant to Rule 26(a)(1) or 26(a)(3), "constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it was made."  In the same regard, plaintiff objects that, "[t]he City has not filed affidavits demonstrating that a complete search has been made and the documents found in the search were produced to me by the individual defendants and the City". See Doc. No. 124, p. 2.  This objection is overruled since an affidavit of this type is not required pursuant to the applicable Rules of Civil Procedure.

4

Plaintiff objects that the documents produced to him were not "labeled to correspond with the categories in the requests so that the Plaintiff, that being me, does not have to guess or speculate as to the meaning of the documents or guess what request the documents are referring to." See Doc. No. 124, p. 2. Plaintiff asks the Court to Order defendants to "Bates" number the documents they produced. Id. Defendants respond that they produced "cover sheets for each document or document package" they produced. See Doc. No. 127, p. 3. In addition, defendants aver they, "noted on each cover sheet which document request or requests the document was responsive to." Id. Defense counsel also offered to meet with plaintiff "for the purpose of attaching the new cover sheets to the correct documents." Id. Counsel also averred that the cover sheets were hand-delivered to plaintiff's home. Id. Despite defendants' substantial efforts to accommodate plaintiff's concerns, plaintiff is still insisting that defendants Bates-stamp the 2,000 pages of documents the defendants produced. Plaintiff's objection to defendants' document production is overruled. There is no requirement in the Federal Rules of Civil Procedure that a party producing documents Bates-stamp them. Fed. R. Civ. P. 34(b) provides that a party who produces documents for inspection, "[s]hall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the

<u>categories in the request</u>."  (Emphasis supplied.) Defendants complied with the Rule since they represent that they organized and labeled their documents to correspond to plaintiff's document requests.  Accordingly, plaintiff's objection is overruled.

Plaintiff asks defendants to produce the insurance information required pursuant to Fed. R. Civ. P. 26(a)(1)(D). Defendants responded to plaintiff's request by stating they are self-insured.  Defendants' answer is sufficient and no further supplementation is appropriate.

Plaintiff requests a copy of the transcript of the proceedings of March 5, 2007, which the defendants agreed to supply.  Defendants have represented that as soon as they receive the transcript they will forward plaintiff a copy.  <u>See</u> Doc. No. 127, p. 6.  Therefore, plaintiff's objection on this issue is overruled.

Plaintiff also argues the defendants ignored his subpoena served upon the City's Municipal Court concerning the alleged "unconstitutional enforcement of the City's Ordinance purportedly designated as MC-266-25K."  <u>See</u> Doc. No. 124, p.3.  Since plaintiff did not attach a copy of the subpoena to his objection letters, the Court is uninformed as to the substantive issue in dispute. Defense counsel believes plaintiff wants copies of audit reports. The Court notes that defendants advised plaintiff the City of Camden has on file the audit reports plaintiff requests for 2001-

6

2005.  See Doc. No. 127, pp. 4-5.  Since defendants agreed to make available for plaintiff's inspection the requested audit documents, plaintiff's objection is overruled.

Plaintiff has requested an extension of time to object to defendants' discovery responses up to and including March 26, 2007.  This request is granted and the deadline has passed.  Accordingly, since plaintiff was directed to identify all alleged discovery deficiencies by March 26, 2007 (see Doc. No. 125, p. 1), plaintiff is barred from raising any further objections to the discovery answers defendants served as of the date of this Opinion and Order.

Plaintiff acknowledges in his March 19, 2007 submission [Doc. No. 126, p.4] that a deposition has been scheduled by the municipal defendants for April 1, 2007.  Plaintiff requests that the deposition "be held in the afternoon."  Id.  Although it is not set forth in plaintiff's papers, the Court assumes plaintiff is referring to the scheduling of his deposition.  The parties are directed to confer with each other to agree upon an appropriate time for the deposition to start.

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this **28th** day of **March, 2007,** that plaintiff's objections to defendants' responses to his interrogatories and requests for documents are OVERRULED and plaintiff's request for additional responses to his written discovery is DENIED; and

IT IS FURTHER ORDERED that plaintiff is barred from raising any further objections to defendants' answers to his written discovery that were served as of the date of this Opinion and Order; and

IT IS FURTHER ORDERED that the in-person status conference scheduled on April 24, 2007 at 11:30 a.m. will proceed as scheduled.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge